IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

ADA M. CONDE

Plaintiff-Appellant

vs

U.S. TRUSTEE

Defendant-Appellee

CIVIL 17-2014CCC

**OPINION AND ORDER**

  Attorney Ada Conde (Conde) has appealed to this Court from an Opinion and Order issued on July 20, 2017 by the U.S. Bankruptcy Court for the District of Puerto Rico which required her to disgorge fees collected in Case No. 15-5131(ESL) after a finding that she had failed to comply with the disclosure requirements of 11 U.S.C. section 329 and Fed. R. Bank. P. 2016(b).  For the reasons that follow, we AFFIRM the Bankruptcy Court's order of disgorgement.

  The salient facts are undisputed.  Debtor Héctor Torres Bonilla (Debtor) filed a voluntary petition under Chapter 7 of the Bankruptcy Code on July 3, 2015.  He also filed an Application to pay the filing fees in installments stating that he had paid $95.00 with the petition and proposing to pay the remainder of the fees in four installments.  On that same date, Conde filed a Disclosure of Compensation of Attorney for Debtor(s) where she indicated having agreed to accept $1,000 for legal services and that prior to the filing of the statement she had received $0.00.

CIVIL 17-2014CCC                              2

On July 4, 2015, the Bankruptcy Court scheduled the 341(a) meeting for August 12, 2015.  By Order dated July 15, 2015, the Bankruptcy Court granted the debtor's Application to pay the filing fees in installments.  On August 13, 2015, the U.S. Trustee filed a motion requesting sanctions against Conde pursuant to 11 U.S.C. sections 105 and 707(b)(4), Fed. R. Bankr. P. 9011, and/or 28 U.S.C. § 1927 claiming that during the 341(a) meeting the day before the debtor had stated having made various partial payments to her which totaled $1,600.

On August 14, 2015, the Debtor paid the balance owed on the filing fees.  The Debtor filed a Notice of Conversion to Chapter 13 on August 24, 2015.  On August 25, 2015, attorney Conde amended her Disclosure of Compensation of Attorney for Debtor indicating that she had agreed to accept $1,300 for legal services but had only received $1,000 prior to the filing of her amended disclosure.  A few days later, on August 31, 2015, Conde replied to the U.S. Trustee's motion for sanctions.  The Bankruptcy Court scheduled a hearing on the U.S. Trustee's motion and Conde's reply for February 23, 2016.  After various procedural events, on August 22, 2016 the Bankruptcy Court deemed the matter to be submitted.  Although Conde subsequently moved for dismissal of the sanctions motion and for reconsideration of the Bankruptcy Court's order which denied her dismissal request, on July 20, 2017 the Bankruptcy Court finally ruled on the sanctions motion.

In his ruling, Chief Bankruptcy Judge Lamoutte denied the U.S. Trustee's request for sanctions under Fed. R. Bank. P.  9011 for his failure to comply

CIVIL 17-2014CCC                              3

with said Rule's safe harbor provisions as the sanctions motion was not served upon Conde before it was filed with the court. Based on those same reasons, the sanctions requested under 11 U.S.C. section 707(b)(4) were also denied. Judge Lamoutte, however, determined that Conde's 2016(b) Statement and Amended Statement did not accurately disclose the fees she had received from the debtor, and found that by doing so she had violated Section 329 and FRBP 2016(b). As sanction, he ordered Conde to disgorge all the fees collected in the instant case.

In her Appeal Brief (d.e. 9), Conde reasserts the professional and extreme personal circumstances that she previously advanced to the Bankruptcy Court in order to explain the discrepancies in her Disclosures of Compensation: She first met with the debtor in the middle of June 2015, and informed him that if he opted to file for bankruptcy she would be available until June 28, 2015 because her daughter would be undergoing open-heart surgery. The debtor finally contacted her seeking to file a Chapter 7 Petition when she was away from the office dealing with her daughter's surgery, but she agreed to meet him on July 3, 2017. During that meeting, the Chapter 7 Petition was prepared and filed. As the debtor claimed to be in a precarious financial condition, Conde informed him of the option to pay the filing fees in installments and the corresponding motion was also filed informing the payment of $95.00 as a first installment. The day before the scheduled meeting of creditors on August 12, 2015, Conde requested her secretary, Maelen Cubano, to coordinate with attorney Madeline Llovet to substitute for

CIVIL 17-2014CCC                              4

her at said meeting. On the evening of August 12, Conde received a call from attorney Llovet informing that the U.S. Trustee did not hold the meeting because installments payments were still due and the debtor had informed having paid to Conde a higher amount of money than just the $95.00 for the first installment. After the meeting, the debtor was questioned by attorney Llovet who informed her that he had returned to Conde's office on the evening of July 3, 2015 with money to pay the balance due for the filing fees and with money for legal fees because he wanted to convert the case to a Chapter 13. Conde then called her office to speak to her secretary Cubano, who confirmed to her what the debtor had told Llovet- that he had returned to the office on the evening of July 3 because he wanted to convert the case to a Chapter 13 and handed Cubano an envelope with money to pay the balance of the filing fees and the legal fees. Cubano received the money despite having explained to the debtor that she was not allowed to receive any money without attorney Conde's permission. In what Conde describes as "remedial actions," she paid the amount owed on the filing fees that same day, and filed on August 25, 2015 the Notice of Voluntary Conversion to Chapter 13 and an Amended Disclosure of Compensation.

　　　Conde now challenges the sanctions imposed by the Bankruptcy Court for failing to comply with section 329 of the Bankruptcy Code and Fed. R. Bank. P. 2016(b) averring that the duty to disclose any fees received imposed by said section only applies to "moneys (sic) received <u>before</u> the filing of a Bankruptcy Petition not after." Appeal Brief (d.e. 9) (emphasis in original),

CIVIL 17-2014CCC                              5

p. 16. She is plainly mistaken. Under section 329, "an attorney must disclose any fee arrangements made within or after a year of the filing of the petition." In re Downs, 103 F.3d 472, 477 (6th Cir. 1996). Hence, Conde had the obligation to file with the bankruptcy court an accurate statement of the amount of compensation paid or agreed to be paid to her by the debtor for the services rendered or to be rendered in connection with the case under the Bankruptcy Code.

Conde also argues on appeal that, once she was put on notice of the additional sum of money received by her secretary from the debtor, she immediately took remedial steps which included the filing of an Amended Disclosure of Compensation on August 25, 2015. In said Amended Disclosure, she informed having agreed to charge $1,300.00 for legal services and that prior to the filing of the statement she had received $1,000.00, leaving a balance due of $300.00. See d.e. 17 in Bankruptcy Case No. 15-5131(ESL). The record further reflects that the debtor informed the U.S. Trustee under oath during the aborted 341(a) meeting held on August 12, 2015 that he had paid Conde $1,600.00 in fees. See Transcript of 342 Meeting, Exhibit C to d.e. 56 in Bankruptcy Case No. 15-5131(ESL). The Sworn Declaration of debtor Torres Bonilla dated August 18, 2015 submitted by Conde as Appendix VIII to her Appeal Brief states as much. Debtor attested that after he returned to Conde's office on July 3, 2015 he gave her secretary "the amount of $240.00 for the filing fees balance due, $1,000 for an advance of legal fees in Chapter 13 and left the amount also of $265.00 for some pending costs

CIVIL 17-2014CCC                    6

including the conversion." Id., at p. 4.  This total sum of $1,505.00, plus the $95.00 previously paid by the debtor with the filing of the petition, adds up to the $1,600.00 he informed to the U.S. Trustee having had paid to Conde in fees.

The difficulty with the Amended Disclosure filed by Conde is that she did not report in it having received the amount of $265.00 which the debtor stated under oath that he also left with her secretary for "pending costs including the conversion." Conde's omission in reporting this amount, which also related to legal fees, remains unexplained and renders inaccurate her 2016(b) Amended Statement.   As  concluded  by  Judge  Lamoutte,  "attorney  Conde's 2016(b) statements did not contain adequate disclosure as the information contained in the Amended 2016(b) Statement is inconsistent with the Debtor' testimony at the 341 meeting," Opinion and Order, at p. 16.  We add that, as noted above, it is also inconsistent with the debtor's Sworn Statement submitted to this Court by Conde.

In sum, we conclude that the Bankruptcy Court did not err when it found that attorney Conde violated Section 329 and Fed. R. Bank. P. 2016(b) by failing to provide adequate disclosure of the legal fees received by her.  We also conclude that the Bankruptcy Court did not abuse its discretion when it determined that the appropriate sanction for the attorney's omission was the disgorgement of fees already paid.  As noted in In re Downs, supra. at p. 480, "[s]ection 329 and Rule 2016 are fundamentally rooted in the fiduciary relationship between attorneys and the courts.  Thus, the fulfillment of the

CIVIL 17-2014CCC                             7

duties imposed under these provisions are crucial to the administration and disposition of proceedings before the bankruptcy courts." See also Halbert v. Yousif, 225 B.R. 336, 358 (E.D. Mich. 1998) (reviewing cases and finding denial of compensation a common sanction for failure to satisfy disclosure duties).

**The Court affirms that nothing expressed in this opinion should be understood as an expression of doubt or reservation regarding the ethical conduct of attorney Ada Conde**.

Accordingly, the July 20, 2017 decision of the Bankruptcy Court is AFFIRMED.  Judgment shall be entered accordingly.

SO ORDERED.

At San Juan, Puerto Rico, on March 28, 2018.


                                                         S/CARMEN CONSUELO CEREZO
                                                         United States District Judge